their possession and based the warrant application on information independent from the illegal search. The district court upheld the second search and the Ninth Circuit affirmed:

> The [United States Supreme] Court stated in *Murray* that the government should not "be placed in a worse position than it otherwise would have occupied" because of the exclusionary rule. [Cit.] Obviously an appeal based on the exclusionary rule would be included in this admonishment.[33]

We therefore conclude that the trial court correctly determined that litigation over the 2003 searches was not barred for the reasons stated by Lejeune.

*Judgment reversed in Case No. S04A0115. Judgment affirmed in Case No. S04A0116. All the Justices concur.*

DECIDED MARCH 29, 2004 —
RECONSIDERATION DENIED APRIL 14, 2004.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Elizabeth A. Baker, Christopher M. Quinn, Assistant District Attorneys*, for appellant.

*Brian Steel, August F. Siemon III*, for appellee.

S04Y0809, S04Y0810, S04Y0811. IN THE MATTER OF BOBBY GLENN ADKINS, JR. (three cases).
(596 SE2d 1)

PER CURIAM.

These disciplinary matters are before the Court on the Report of the Review Panel, which recommends that Respondent Bobby Glenn Adkins, Jr. be disbarred for his violations of Standard 4 of former Bar Rule 4-102 (d); and Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct, a part of current Bar Rule 4-102 (d). The maximum sanction for a violation of Standard 4 or Rule 8.4 (a) (4) is disbarment.

In Case No. S04Y0809, Adkins agreed to prepare a revocable living trust on behalf of an elderly couple and, on May 17, 2000, the wife and her son went to Adkins' office and the wife paid Adkins $650, which the couple contend was the amount for which Adkins agreed to

---

[33] *Mulder*, 889 F2d at 241.

handle the matter. On May 22, 2000, the couple went to Adkins' office for another meeting at which time Adkins presented the couple with a fee contract, which they signed. However, the couple contended that the contract did not accurately reflect the fee agreement Adkins had outlined to them earlier and that Adkins did not explain the document to them. In July 2000, after Adkins invoiced the couple for an additional $40 in attorneys' fees and their son wrote Adkins to dispute the amount, Adkins began sending threatening letters stating that he would sue the couple and seek to foreclose on their home, even though he later testified that he had no intention of taking either action. After the couple's son filed a grievance with the State Bar against Adkins in October 2000, Adkins continued to send threatening letters, filed a lawsuit against the son for defamation, and in November 2000, sent an invoice to the couple for $370. Although the invoice indicated that the bill was for legal services, the additional charge was actually for Adkins' time in responding to the bar complaint and in drafting the lawsuit against the couple's son. Based on Adkins' conduct, the Review Panel concluded that Adkins violated Standard 4 of Bar Rule 4-102 (d).

In Case No. S04Y0810, Adkins agreed in June 1997 to represent a client in a car title dispute. Although Adkins and the client did not have a written fee agreement, Adkins sent bills to the client which the client paid. After Adkins filed a lawsuit on the client's behalf, the attorney-client relationship deteriorated and in September 2000, the client terminated Adkins' representation and requested a full refund of payments made to Adkins as well as credit for all outstanding balances. Adkins did not perform any further work for the client and he never gave the client an exact amount for refund or credit owed.

On November 28, 2000, Adkins filed a claim of lien against the client for $1,500 for unpaid legal services even though a November 2, 2000 statement only showed a balance of $532.50 and Adkins did not perform any legal work on the client's behalf in the interim. In order to cancel the lien, the client paid Adkins $712.50. After the client filed a grievance with the State Bar in November 2000, Adkins invoiced the client in December 2000 for $600 for his time in responding to the bar complaint and in filing the attorneys' lien, although the invoice indicated that the charges were for legal services provided to the client. Based on this conduct, the Review Panel found that Adkins violated Standard 4 of Bar Rule 4-102 (d).

In Case No. S04Y0811, Adkins agreed in December 2000 to represent a client in a child support matter for $1,000 and the client paid Adkins $500 toward the legal fees, although the parties did not sign a contract. Prior to a January 2001 hearing on the child support matter, Adkins insisted that the client agree to DNA testing to establish paternity of the minor child, even though the client did not want

to dispute paternity. Adkins and the client argued about the case. Adkins demanded that the client pay him the remaining $500, and the client wrote a check for that amount. However, after the argument between Adkins and the client intensified, the client terminated Adkins' services and asked for his check back and when Adkins refused to return the check, the client stated that he would place a stop payment on the check, which he subsequently did.

In February 2001, the client filed a grievance against Adkins and Adkins mailed the client a billing statement reflecting a balance due of $555. Although Adkins did not perform any additional legal services for the client, Adkins also filed an attorneys' lien for $2,500 against the client for unpaid legal services and a lawsuit seeking damages in excess of $2,500 and, in March 2001, invoiced the client for $655 for Adkins' time in responding to the bar complaint as well as his time in drafting and filing the lawsuit, even though the invoice indicated that the charges were for legal services. The client subsequently paid another attorney $1,500 to help him get the lien removed. Based on his conduct in this matter, the Review Panel concluded that Adkins violated Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct.

We have reviewed the record and find that Adkins has committed several violations of Standard 4 and Rule 8.4 (a) (4) by his conduct in the above-mentioned cases. In aggravation of discipline, we note the pattern of misconduct, multiple offenses involved, Adkins' deceit, and his refusal to acknowledge the wrongful nature of the conduct. We also conclude that disbarment is the appropriate sanction in these matters. Accordingly, Adkins hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 1, 2004 —
RECONSIDERATION DENIED APRIL 14, 2004.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.